IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH DOMENIC FLOWERS,<br>Movant, | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: | CRIMINAL ACTION NO.<br>1:10-CR-276-WBH-LTW |
| UNITED STATES OF AMERICA,<br>Respondent. | :: | CIVIL ACTION NO.<br>1:12-CV-3060-WBH-LTW |

---

| | | |
|---|---|---|
| JOSEPH DOMENIC FLOWERS,<br>Movant, | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: | CRIMINAL ACTION NO.<br>1:11-CR-301-WBH-LTW |
| UNITED STATES OF AMERICA,<br>Respondent. | :: | CIVIL ACTION NO.<br>1:12-CV-3061-WBH-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant, pro se, is a federal prisoner who has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 32 in 1:10-cr-276-WBH-LTW; Doc. 9 in 1:11-cr-301-WBH-LTW.) On June 27, 2011, Movant pled guilty to bank and tax fraud in two cases that were consolidated for plea and sentencing purposes.

(Doc. 29.)[1] On August 24, 2011, the Court sentenced Movant to eighty months of imprisonment, five years of supervised release, a $400 special assessment, and restitution. (Doc. 31.) Attorney Anna Blitz represented Movant.

Movant claims in his § 2255 motion that Blitz rendered ineffective assistance because she did not file an appeal as Movant told her to do. (Doc. 32 at 4.) In an affidavit in support of his motion, Movant avers that he telephoned Blitz within ten days after he was sentenced and instructed her to file a notice of appeal. (Doc. 32-1; *see* Doc. 32 at 4 (stating that he called Blitz two days after sentencing).) The Court's docket confirms Movant's averments that no appeal was filed. The only relief Movant seeks in his § 2255 motion is "an out of time direct appeal." (Doc. 32 at 13.)

A criminal defense lawyer has an affirmative duty to meaningfully consult with her client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the lawyer believes the appeal has any chance of success. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Thompson v. United*

---

[1] Unless otherwise noted, all further citations to the record are to case number 1:10-cr-276-WBH-LTW.

2

*States*, 504 F.3d 1203, 1206-07 (11th Cir. 2007). The lawyer's duties regarding appeal are strict. If a defendant instructs his lawyer to file an appeal and the lawyer does not do so, "prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

Given the importance of the appeal right as discussed in *Roe* and its progeny, and in the interest of judicial efficiency, the Court should exercise its discretion to grant Movant an opportunity to appeal his conviction and sentence. *See* Order, *Broughton v. United States*, No. 1:11-cr-130-AT (N.D. Ga. Aug. 8, 2012) (granting such relief on § 2255 motion); Order, *Buxton v. United States*, No. 1:08-cr-500-CAP (N.D. Ga. Aug. 11, 2011) (same); Order, *Scott v. United States*, No. 1:06-cr-390-RWS (N.D. Ga. Sept. 22, 2008) (same).

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(I).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

AO 72A
(Rev.8/82)

Accordingly, the undersigned **RECOMMENDS** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [32 in 1:10-cr-276-WBH-LTW & 9 in 1:11-cr-301-WBH-LTW] be **GRANTED** for the sole purpose of reinstating his appeal rights. To effectuate that relief, the undersigned **RECOMMENDS** that the Court, pursuant to *Phillips*,

1. **VACATE** the judgment entered in 1:10-cr-276-WBH-LTW and 1:11-cr-301-WBH-LTW;

2. **REIMPOSE** the sentence of imprisonment, supervised release, restitution, and special assessment imposed by this Court in both actions on August 24, 2011, with appropriate credit for time served; and

3. **ADVISE** Movant that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) he has the right to counsel on appeal and, if he cannot afford counsel, an attorney will be appointed to represent him; and (e) with few exceptions, any notice of appeal must be filed within fourteen days of the date the Court reimposes

AO 72A
(Rev.8/82)

its sentence in these cases.

**SO RECOMMENDED** this 5 day of September, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)